Richard Brown v. Augustus Weld, *as Administrator*.

No. 175.

1. Antenuptial Contract—*manner of executing determined by Statute of Frauds.* The proper execution of an antenuptial contract is determined by the Statute of Frauds, and not by the statute governing the execution of wills.

2. ———— *in this case, sufficient to except property from statutory descent and authorize alienation without written consent of consort.* An antenuptial agreement in the following language: "Articles of agreement made this eleventh day of March, A. D. 1884, by and between Richard Brown of Republic County, State of Kansas, of the first part, and Arletta Bachelor of aforesaid county and State, party of the second part, witnesseth : That the parties hereto, in view of a contemplated marriage between said parties, do hereby agree to and with each other : That the parties hereto agree and covenant, that the party of the second part shall hold and control in her own right all the real and personal property of what kind soever she now holds and possesses, the same to all intents and purposes as if she were sole and unmarried. And it is further agreed between the parties hereto that, shall said party of the first part during the continuation of the marriage relation between them, with his own money and labor put any permanent improvements upon the real estate of the said party of the second part, the said party of the first part shall have a lien upon the said real estate for the payment of the value thereof. And it is further agreed between the said parties hereto, that the party of the first part shall, in the event of such intermarriage as before set forth, retain and hold in his own sole right all the property of what kind soever he may be possessed of upon the occurrence of the intermarriage of said parties hereto, to all intents and purposes as if no such relation as that of marriage between them existed. In witness whereof the parties hereto have interchangeably set their hands this eighteenth day of March, A. D. 1884;" is sufficient to constitute an agreement that the property of the parties thereto should be changed from the rules provided by the Statute of Descents and Distributions, and is sufficient to authorize the parties thereto, or either of them, to dispose of their property by deed or devise, without any additional consent in writing.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Affirmed.*

342        Brown v. Weld, *Administrator*.

N. Dept.        Opinion.   Mahan, P. J.        5 Kan. App.

*T. M. Noble*, for plaintiff in error.

*B. T. Bullen*, for defendant in error.

Mahan, P. J. Augustus Weld, administrator with the will annexed, of Arletta Brown, brought an action in the District Court to recover possession of 160 acres of land in Republic County, claiming he held the title to the land in trust for the devisees, of Arletta Brown under the provisions of her will. The case was tried to the court, without a jury, at the October term, 1893. The court made special findings of fact, and as a conclusion of law held that the plaintiff was entitled to recover, and gave him a judgment for the possession of the land. The defendant, plaintiff in error, brings the case here for review, and the only question involved in the case is the proper construction of an antenuptial contract made by and between Richard Brown, the plaintiff in error, and Arletta Bachelor, the testatrix, which is as follows :

"Articles of agreement made this eleventh day of March, A. D. 1884, by and between Richard Brown of Republic County, State of Kansas, of the first part, and Arletta Bachelor of aforesaid county and State, party of the second part, witnesseth : That the parties hereto, in view of a contemplated marriage between said parties, do hereby agree to and with each other : That the parties hereto agree and covenant, that the party of the second part shall hold and control in her own right all the real and personal property of what kind soever she now holds and possesses, the same to all intents and purposes as if she were sole and unmarried. And it is further agreed between the parties hereto that, shall said party of the first part during the continuance of the marriage relation between them, with his own money and labor put any permanent improvements upon the real estate of the said party of the second part, the said party ·of the first

part shall have a lien upon the said real estate for the payment of the value thereof. And it is further agreed between the said parties hereto, that the party of the first part shall, in the event of such intermarriage as before set forth, retain and hold in his own sole right all the property of what kind soever he may be possessed of upon the occurrence of the intermarriage of said parties hereto, to all intents and purposes as if no such relation as that of marriage between them existed.

"In witness whereof the parties hereto have interchangeably set their hands this 18th day of March, A. D. 1884.                    RICHARD BROWN,
                              ARLETTA BACHELOR."

This contract was duly acknowledged before a notary public on the day of its execution and was duly recorded in the office of the register of deeds of Republic County.

The question involved is, is this agreement, as an antenuptial contract, sufficient to disclose an intention on the part of Richard Brown and Arletta Bachelor to change the direction of the descent of their property from that provided by the statutes of the State, or an intention upon the part of each that the one might dispose of his or her property by deed or devise without the consent of the other. It is contended by plaintiff in error that, if even under its terms the contract is broad enough to disclose such an intention, it is not executed in the manner provided by law. In this connection, reference is had by counsel to the statute governing the making and execution of wills. Section 35 of the statute in relation to wills ( ¶ 7239, Gen. Stat. 1889 ) provides that either husband or wife may consent in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting. Counsel contends, therefore, that because

344    BROWN v. WELD, *Administrator*.

N. Dept.          Opinion.   Mahan, P. J.          5 Kan. App.

this contract was not executed in the presence of two witnesses, even though in terms sufficiently comprehensive to authorize the testatrix to will away all of her property from her husband, it is not valid for want of proper execution. Antenuptial contracts are not governed by this statute, but controlled by section 6 of chapter 43 ( ¶ 3166), General Statutes of 1889, and this contract is executed in accordance with the provisions of that section.

The other contention of counsel for plaintiff in error is, that the language of the contract is not sufficient to disclose an intention upon the part of the parties thereto that their property should be governed, in relation to its disposition by either of them, by that contract, and that consequently the land descends according to the Statute of Descents and Distributions. We do not find that this contention is tenable. Our Supreme Court, in the case of *Hafer v. Hafer* (33 Kan. 459), said as follows :

"It would seem from the authorities, that agreements of this kind are generally looked upon by the courts with favor, and are to be liberally interpreted with a view of carrying out the intentions of the persons engaging in them. We entertain no doubt, in the present state of our statutes, of the validity of an antenuptial contract, entered into in good faith by parties competent to contract, and which, considering the circumstances of the parties at the time of making the same, is reasonable and just in its provisions, and that the rule thus agreed upon will take the place of that prescribed by the statute, in the distribution of their property upon the death of either."

It is conclusively presumed that parties entering into contracts, do so with respect to the law as it exists, and that they know what the law is. To give this contract in controversy the interpretation contended. for by the plaintiff in error, would render it inop-

BROWN v. WELD, *Administrator.* 345

March 22, 1897.        Opinion.   Mahan, P. J.            C. Div.

erative, nor would it be liberally interpreting the contract with a view of carrying out the intentions of the parties ; to hold that the contract simply meant that each should control his or her own property during their lives as though no marriage relation existed, would simply say that they are going to abide by the law of the State as it then existed. The Supreme Court, in support of this conclusion in the case of *Hafer v. Hafer,* cited above, cites the case of *Jacobs et al. v. Jacobs et al.,* 42 Iowa, 600, with approval. By reference to that case it will be found that the Supreme Court of Iowa held that a provision in an antenuptial agreement, almost *verbatim* like the one under consideration, was sufficient to change the course of inheritance, and to authorize the parties each to dispose of his or her own property, either by by deed or by devise. That court says, on page 606 :

"And it is not credible that they deliberately went to work to provide by contract that the widow should have just such right as the law would give her without contract. . . . The parties in contemplation of marriage were providing that each should have the untrammeled and sole control of his or her property."

Nor is there anything unreasonable in the provisions of this contract, nor anything that violates the spirit or purpose of any of our statutes. The parties were both far advanced in life, each had real and personal property, and each had heirs. The testatrix had made her will prior to this contract, devising this property to her grandchildren. The contract says that this testatrix should control the real estate that she then held, "to all intents and purposes as if she were sole and unmarried." Our conclusion is, that each should control for all purposes, whether for use, or disposition by deed or devise, the property that

each owned, real or personal; and consequently that the conclusion of law reached by the court was the correct conclusion.

The judgment of the District Court is affirmed.